## Case No. 9,251.

### MASON v. RHINELANDER.

[8 Ben. 163.] [1]

District Court, S. D. New York. June, 1875.

TORTS — INJURY TO A VESSEL BY FAULTY CONSTRUCTION OF A BULKHEAD—LEASE—DAMAGES.

1. A canal boat, lying at a bulkhead, was so injured by a projecting timber, on which she struck when the tide fell, that she sank. The land in front of which the bulkhead had been built formed part of an estate, and had been leased by the executor to other parties, reserving, however, the right to build the bulkhead, which was afterwards constructed by the executor: *Held*, that the executor was liable for the damage occasioned to the boat by the faulty construction of the bulkhead.

2. The owner of the boat was bound to raise her after she had sunk, using due care in raising her, and if, in so raising her, she received further injury, the executor was also liable for such injury.

This was a libel by [John C. Mason] the owner of the canal boat J. Stackpole, to recover the damages sustained by her while lying at a bulkhead at the foot of Ninety-Third street, in the city of New York, by reason of her striking on an obstruction caused by the logs or crib-work extending out from the bulkhead, the same not having been properly constructed. It was alleged that the respondent [William C. Rhinelander] had the control, direction and management of the bulkhead, which was a part of the estate of William Rhinelander, deceased.

The respondent denied that he had any control, direction or management of the bulkhead, and alleged that it had been leased to, and was in the possession and control of, Thomas J. Crombie and others. He also alleged that the bulkhead at the foot of Ninety-Third street, between the lines of the street, did not belong to the estate, but to the corporation of the city of New York.

Beebe, Wilcox & Hobbs, for libellant.

H. H. Anderson, for respondent.

BLATCHFORD, District Judge. (1.) I deem it satisfactorily established by the evidence, that the sinking of the libellant's boat was caused by its striking a projecting timber in that part of the bulkhead which was not embraced within the lines of any street.

(2.) Having caused the bulkhead to be con-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

structed with such projecting timber under water and out of sight, the respondent was responsible for all damage caused by it to vessels lying at it and using reasonable care.

(3.) When the boat, with her cargo, sank, as the result of her striking such timber, the loss was total, unless she was raised. It was incumbent on the libellant to raise her, if possible, and to use due care and caution in raising her. If, in the proper use of proper means to raise her, further damage was caused to her, the loss therefrom must fall on the respondent. There is nothing to show that adequate skill was not exercised in the measures taken to raise her.

(4.) It is not shown that the libellant did not use reasonable precautions, while his boat was lying at the bulkhead, in protecting her by fenders, or that he had reasonable ground for supposing that the fenders he had in use were not adequate.

(5.) There is nothing in the leases put in evidence to absolve the respondent from liability. By the reservation in each of them the respondent had the right to construct this very bulkhead, and it was constructed during the term of the leases, and by the respondent. The lessees were not responsible in any manner to third parties for any defect in the construction of the bulkhead. Indeed, if this boat had belonged to the lessees, there is nothing in the leases which could prevent them from recovering against the respondent.

There must be a decree for the libellant, with costs, with a reference to a commissioner to ascertain the damages.